**YEAGER v. YEAGER**

[228 N.C. App. 562 (2013)]

CAROL YEAGER, NG HOLDINGS, LLC., Plaintiffs
v.
DOUG YEAGER; FIRST LENDING GROUP, INC., Defendants

No. COA13-86

Filed 6 August 2013

**Pleadings—mootness—deeds of trust—canceled in another proceeding**

The trial court properly dismissed a complaint as moot where the declaratory judgment complaint involved deeds of trust for two pieces of land that had been cancelled through the efforts of the receiver in an equitable distribution action. Yet another declaration that the deeds of trust were void and of no effect would not have any practical effect on the existing controversy.

Appeal by plaintiffs from Order of Dismissal entered 1 June 2012 by Judge Robert T. Sumner in Superior Court, Mecklenburg County. Heard in the Court of Appeals 6 June 2013.

*Aylward Family Law by Dr. Ilonka Aylward, for plaintiff-appellant.*

*Leonard G. Kornberg, Esq., for defendant-appellee, Doug Yeager.*

*No brief filed for defendant-appellee, First Lending Group, Inc.*

STROUD, Judge.

The case before us on appeal is an action for declaratory judgment and to quiet title as to two parcels of real property in Mecklenburg County, which we will refer to as "the marital home" and "the warehouse." But some factual background is required to understand the procedural posture and issue presented by this action.

Carol Yeager ("plaintiff") and Doug Yeager ("defendant")[1] were married to one another in 1972, separated in 2007, and divorced in August of 2008. Continuously since 6 May 2008, when plaintiff filed a complaint for alimony, equitable distribution, and attorney's fees against defendant, the parties have been engaged in a course of incessant litigation

---

1. Defendant's name was listed on the complaint as "George D. Yeager," but on the order being appealed from he was listed as "Doug Yeager." We will refer to him as the order under consideration does.

in several inter-related lawsuits in Mecklenburg County which have thus far resulted in numerous court orders addressing various issues including interim distribution, appointment of a receiver, contempt, sanctions, equitable distribution, and no less than eleven appeals to this Court, excluding the many petitions filed with this Court.

This litigation has been particularly rancorous—as an illustration, we note that at one point plaintiff filed a petition for certiorari with this Court requesting that we make the trial court punish defendant's counsel for "making threatening and derogatory comments regarding Petitioner and her counsel," including comments that plaintiff's counsel is "responsible for the general public's view of attorneys as 'leg-chewing Sharks' and 'used-car salespersons.' "[2] Since only two significant items of property were in dispute—the martial home, which was ultimately distributed to plaintiff in the equitable distribution order, and a warehouse, which was determined in the equitable distribution order to be the separate property of defendant, one may wonder why this case has been so protracted and contentious.[3]

The genesis of most of the disputation is two deeds of trust executed by plaintiff on 10 June 2009 (well after the date of separation and during the pendency of the equitable distribution action): one on the warehouse in the amount of $274,000 and one on the marital home in the amount of $270,000. Both deeds of trust were for the benefit of a Nevada company known as First Lending Group, Inc., also a named defendant herein. Much mystery surrounds First Lending—perhaps it is an alter ego of plaintiff herself, or perhaps it does not even exist—but it was served with the summons and complaint in this action, it has not claimed that it does not exist,[4] and thus we will assume for purposes of this case that it does. In any event, First Lending failed to answer or appear, and to this day seems to be the only party to any of the Yeager lawsuits who has stood entirely silent.[5]

---

2. We denied this petition for certiorari on 23 August 2012.

3. Excluding some financial accounts and various items of personal property such as guns, ammunition, cars, household appliances, lawn and garden equipment, books, pictures, and wall hangings, which were also distributed in the equitable distribution judgment and are, thankfully, not yet the subject of additional litigation.

4. We recognize that it would be impossible for a company which does not exist to assert its non-existence, but we also assume that a nonexistent party would probably not mind having a judgment entered against it.

5. Except for the cancellation of the deeds of trust by Ms. Reed, as a representative of First Lending, as procured by the referee in Mecklenburg County File No. 08-CVD-10504.

All of these issues have been addressed *ad nauseum* in the equitable distribution action. In fact, the receiver in the equitable distribution action was appointed to accomplish the cancellation of the two deeds of trust and he in fact did so. Yet, despite the receiver's successful efforts, which extended over a period of a year and a half and ultimately cost the parties over $90,000, plaintiff filed this action. In the lawsuit now before us on this appeal, plaintiff brought claims for a declaratory judgment and to quiet title in the Superior Court, with the stated object of obtaining a declaratory judgment that the two deeds of trust to First Lending are "invalid and void" and that they do not encumber the marital home and the warehouse.

Upon First Lending's failure to answer or appear, Plaintiff filed a motion for entry of default against First Lending, and later filed a motion for entry of default judgment against it, though there is no indication in the record that plaintiff sought a ruling upon her motion for entry of default judgment or that default judgment was entered. The stated object of this action is to obtain a declaratory judgment that the two deeds of trust to First Lending are "invalid and void" and that they do not encumber the real properties. This goal was actually already accomplished by the receiver's tenacious efforts in the equitable distribution action (08-CVD-10504).

After plaintiff filed her complaint, defendant filed a motion to dismiss under N.C. Gen. Stat. § 1A-1, Rules 12(b)(6) and 12(b)(1), on the grounds of mootness, lack of standing, and failure to state a claim. The trial court denied defendant's motion to dismiss under Rule 12(b)(6) by order entered 28 February 2012, but did not rule on his motion to dismiss under 12(b)(1), and only considered whether the complaint stated a claim on its face. After the motion was denied, defendant filed an answer and renewed his motion to dismiss for lack of subject matter jurisdiction. He argued that the subject matter of this action was moot, that plaintiff lacked standing, and that this subject matter was "already part of the ongoing Chapter 50 case" and thus subject to dismissal under the prior pending action doctrine, noting that the receiver had already procured cancellation of the very same deeds of trust in the prior equitable distribution action. The trial court agreed with defendant and granted defendant's motion to dismiss. We agree with the trial court.

On appeal, the sole issue presented by plaintiff is whether the trial court erred by dismissing her action with prejudice. Her arguments are long, convoluted, and difficult to follow, but the gist seems to be that the documents which establish the extinguishment of the deeds of trust are "illusory" or somehow unreliable or fraudulent and that somehow the

real estate is still encumbered.[6] These arguments are addressed quite simply by the order entered by Judge Mann in the equitable distribution action on 13 December 2011, which finds as follows:

13. On 16 August 2011 Receiver/Referee caused Satisfactions of Security Instruments to be recorded with the Mecklenburg County Register of Deeds to terminate the post-Complaint encumbrances. that had theretofore negatively affected the value of the parties' marital estate in this Equitable Distribution proceeding.

14. Because of the Receiver/Referee's tenacity and follow-through, these encumbrances have been extinguished and the Court and Parties can now be satisfied that the marital estate is no longer going to be valued at approximately $544,000 less than when this litigation was initiated.

This order was entered by the District Court in the equitable distribution action and is not subject to review in this appeal. The Superior Court found that based upon the cancellation of the deeds of trust procured by the Receiver/Referee, plaintiff's action is moot.

Although defendant did not indicate which subsection of Rule 12(b) he was relying on, he did properly raise mootness as an issue of subject matter jurisdiction. Because a moot claim is not justiciable, and a trial court does not have subject matter jurisdiction over a non-justiciable claim, mootness is properly raised through a motion under N.C. Gen. Stat. § 1A-1, Rule 12(b)(1). *See McAdoo v. University of North Carolina at Chapel Hill*, ___ N.C. App. ___, ___, 736 S.E.2d 811, 814-15, *disc. rev.*

---

6. Plaintiff herself executed the deeds of trust after the parties' separation, so to the extent that the marital home which was distributed to her might be encumbered, it is so encumbered because she encumbered it. Additionally, although it appears that plaintiff no longer has any interest in the warehouse, which the district court decreed is defendant's separate property, we note that it appears that defendant had transferred the property to NG Holdings at some point. The district court noted that it "was not provided any legal documents that NG Holdings was, or is, a valid legal entity." Indeed, it appears that plaintiff may be the only member/manager of that LLC and that she may be operating the LLC as an alter ego. *See Timber Integrated Investments, LLC v. Welch*, ___ N.C. App. ___, ___, 737 S.E.2d 809, 817-18 (2013) (discussing alter ego in the context of piercing the corporate veil). It is telling that NG Holdings was not initially included as a plaintiff on the complaint but was added later. Thus, it is unclear who held title to the warehouse property at the time plaintiff filed her action and thereafter, so we will assume that plaintiff might have some reason to raise this issue.

*denied*, ___ N.C. ___, 740 S.E.2d 465 (2013); *Sharpe v. Park Newspapers of Lumberton, Inc.*, 317 N.C. 579, 585-86, 347 S.E.2d 25, 30 (1986).

In deciding a motion to dismiss under Rule 12(b)(1), the trial court "may consider and weigh matters outside the pleadings." *Emory v. Jackson Chapel First Missionary Baptist Church*, 165 N.C. App. 489, 491, 598 S.E.2d 667, 670 (2004) (citation omitted).

"A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Roberts v. Madison Cty. Realtors Ass'n*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996) (citation omitted). "Courts will not entertain such cases because it is not the responsibility of courts to decide abstract propositions of law." *Lange v. Lange*, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (citation and quotation marks omitted).

Here, satisfactions for both "notes" have been recorded and the deeds of trust have already been cancelled by Cynthia Reed, the paralegal who helped incorporate First Lending in Nevada and who is listed as President of First Lending. Ms. Reed was the only person anyone has been able to positively identify as affiliated with First Lending. Because of these recorded satisfactions and cancellations, the District Court has found that the properties are unencumbered.[7] Moreover, no promissory note was ever presented to either the District or Superior Court. Indeed, there was no evidence that any funds were exchanged or that this "transaction" was anything other than a sham.

Actually, there is no existing controversy about the validity of these deeds of trust. Yet another declaration that the deeds of trust are void and of no effect would not have "any practical effect on the existing controversy." *Roberts*, 344 N.C. at 398-99, 474 S.E.2d at 787. The trial court quite properly dismissed the plaintiff's complaint as moot.

AFFIRMED.

Judges CALABRIA and DAVIS concur.

---

7. Plaintiff's brief questions whether Ms. Reed had the authority to act on behalf of First Lending in cancelling the deeds of trust, though plaintiff herself seems to think that Ms. Reed is an adequate representative of First Lending, as she served her briefs and the record in this appeal on Ms. Reed as just such a representative.