Gvest Real Estate, LLC v. JS Real Estate Invs. LLC, 2017 NCBC 31.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| MECKLENBURG COUNTY | 16 CVS 21135 |

GVEST REAL ESTATE, LLC,
(formerly Gee Real Estate, LLC)

    Plaintiff,

v.

JS REAL ESTATE INVESTMENTS,
LLC; SHAW CAPITAL &
GUARANTY, LLC; TR REAL
ESTATE, LLC; LEVAN CAPITAL,
LLC (formerly known as Trinvest
Partners, LLC); JAMES SHAW;
TYSON RHAME; and YARDS AT
NODA, LLC,

    Defendants.

**ORDER AND OPINION
ON DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

1. This case concerns a dispute over the membership and management of Yards at NoDa, LLC. Plaintiff Gvest Real Estate, LLC ("Gvest"), originally a minority member of Yards at NoDa, contends that it is now the company's sole member because the other members terminated their interests in 2013. Gvest further asserts that it has been denied access to corporate records, contrary to its contractual and statutory rights. As a result, Gvest filed this action to compel the production of corporate documents and to obtain a declaratory judgment determining the current members of Yards at NoDa.

2. Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. According to Defendants, Gvest's claims for access to corporate records are moot because Defendants have produced all relevant documents in this action. In addition, Defendants contend that Gvest has not stated

a claim for declaratory relief because the membership of Yards at NoDa is the same today as it was when the company was formed.

3. Having considered the motion, the briefs supporting and opposing the motion, and the parties' arguments at the hearing on March 21, 2017, the Court **DENIES** the motion to dismiss.

*Baucom, Claytor, Benton, Morgan & Wood, P.A. by Rex C. Morgan, for Plaintiff.*

*Alston & Bird LLP by Matthew P. McGuire and Caitlin A. Counts, for Defendants.*

Conrad, Judge.

I.
BACKGROUND

4. The Court does not make findings of fact on a motion to dismiss under Rule 12(b)(6). The following factual summary is drawn from relevant allegations in the complaint and the attached exhibits.

5. Yards at NoDa was formed in 2012 for the purpose of developing and managing an apartment complex in Charlotte, North Carolina. (Compl. ¶ 6.) The complex's first development phase is complete and operating, but work on the second phase is incomplete and apparently stalled. (Compl. ¶¶ 15, 16.)

6. According to Yards at NoDa's Operating Agreement, the company's original members were Gvest and Defendants JS Real Estate Investments LLC ("JS Real Estate") and TR Real Estate, LLC. (Compl. Ex. A ["Operating Agreement"].) Gvest received a 25% interest; JS Real Estate and TR Real Estate each received 37.5%. (Operating Agreement Ex. A.)

7. The Operating Agreement named Raymond Gee and Defendant James Shaw as the original managers of Yards at NoDa. (Operating Agreement ¶ 5.1.1.) Gee is the owner and manager of Gvest, and Shaw is the owner of JS Real Estate. (Compl. ¶¶ 1, 7.) Defendant Tyson Rhame, the owner of TR Real Estate, was not listed as a manager in the Operating Agreement. (Compl. ¶ 8; Operating Agreement ¶ 5.1.1.)

8. Gvest alleges that Shaw and Rhame initiated a series of changes to the membership and management of Yards at NoDa from 2013 to 2015. According to the complaint, JS Real Estate and TR Real Estate, "through Shaw and Rhame, secretly transferred" their membership interests in January 2013. (Compl. ¶ 21.) Gvest alleges that JS Real Estate transferred its interest to Defendant Shaw Capital & Guaranty LLC (another entity controlled by Shaw) and that TR Real Estate transferred its interest to Defendant Levan Capital LLC (another entity controlled by Rhame). (Compl. ¶¶ 21, 25.) Gvest did not receive "formal notice or documentation of" the transfers. (Compl. ¶ 25.)

9. Roughly a year and a half later, in August 2014, Shaw and Rhame signed a Corporate Resolution to remove Gee as a manager of Yards at NoDa and replace him with Rhame. (Compl. ¶ 22, Ex. D.) Despite the alleged transfer of membership interests in 2013, Shaw signed the Corporate Resolution on behalf of JS Real Estate rather than Shaw Capital & Guaranty, and Rhame signed on behalf of TR Real Estate rather than Levan Capital. (Compl. Ex. D.) Gee and Gvest were aware of the resolution but "did not contest" it. (Compl. ¶ 22.)

10.    Finally, in May 2015, Shaw and Rhame proposed an amendment to the Operating Agreement. (Compl. ¶ 23, Ex. E.) The proposed amendment would have substituted Shaw Capital & Guaranty and Levan Capital as members in place of JS Real Estate and TR Real Estate. (Compl. ¶ 23, Ex. E.) It does not appear that Shaw ever signed the proposed amendment, which required "the written consent of all of the Members" to become effective. (Operating Agreement ¶ 9.4.) Gee signed the amendment on behalf of Gvest on June 2, 2015 but later revoked its consent on December 29, 2015. (Compl. ¶¶ 24, 43.)

11.    Shortly after signing the proposed amendment, Gee learned that the United States government had filed a civil forfeiture action against Shaw and Rhame. (Compl. ¶¶ 17, 41.) During this timeframe, Gee also received information regarding the purported transfers of JS Real Estate's interest and TR Real Estate's interest in 2013. (Compl. ¶ 25.)

12.    These events prompted Gvest to make at least seven requests for corporate documents from Yards at NoDa between August 2015 and September 2016. (Compl. ¶ 27, Exs. G, H, I, J, K, M, N.) In each case, Shaw and Rhame refused the request, failed to respond, or conditioned access to documents on a reciprocal request for information from Gvest. (Compl. ¶ 27.) Gvest alleges that Shaw and Rhame "have refused to provide records and reports . . . in an effort to conceal unauthorized transactions designed to enrich themselves at the expense of" Gvest. (Compl. ¶ 28.)

13.    Gvest filed its complaint on November 23, 2016. The complaint asserts two causes of action requesting an order compelling the production of corporate records.

The first claim, for breach of contract, invokes Gvest's rights under sections 8.2.2 and 8.4 of the Operating Agreement. (Compl. ¶¶ 29–33.) The second claim invokes Gvest's statutory inspection rights set forth in N.C. Gen. Stat. § 57D-3-04. (Compl. ¶¶ 34–35.)

14. The complaint includes a third cause of action for a declaratory judgment "identifying the Members and Interest Holders in Yards" at NoDa. (Compl. p.11.) Gvest contends that the 2013 transfers of JS Real Estate's interest and TR Real Estate's interest "terminated their status as members of Yards" at NoDa under N.C. Gen. Stat. § 57D-3-02(a)(3), leaving Gvest as the sole remaining member. (Compl. ¶¶ 38, 50.) Gvest further alleges that the proposed but unexecuted amendment to the Operating Agreement in 2015 was an unsuccessful effort to legitimize the failed 2013 transfers. (Compl. ¶ 44.) Accordingly, Gvest seeks a declaration "specifically finding that the only Member of" Yards at NoDa is Gvest. (Compl. p.11.)

15. Defendants moved to dismiss Gvest's complaint on January 30, 2017. The motion has been fully briefed, and the Court held a hearing on March 21, 2017, where all parties were represented by counsel. The motion is ripe for determination.

II.
ANALYSIS

A. Breach of Contract and Statutory Disclosure Claims

16. Defendants contend that Gvest's claims to enforce its contractual and statutory inspection rights are moot. "Because a moot claim is not justiciable," a motion to dismiss a claim for "mootness is properly raised" as a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). *Yeager v. Yeager*, 228 N.C.

App. 562, 565, 746 S.E.2d 427, 430 (2013). The Court therefore treats this motion, filed under Rule 12(b)(6), as a Rule 12(b)(1) motion and may consider matters outside the pleadings. *See Tart v. Walker*, 38 N.C. App. 500, 502, 248 S.E.2d 736, 737 (1978).

17. The gist of Defendants' argument is that they have satisfied Gvest's demands. On January 24, 2017, Defendants produced to Gvest "5,281 pages of Yards' company records, documents, tax returns, and financial statements." (Mem. in Supp. of Defs.' Mot. to Dismiss 5 ["Defs.' Mem."].) Thus, they argue, Gvest has "received what it seeks," and the Court "has nothing left to decide." (Defs.' Mem. 5.)

18. The Court disagrees. At the hearing, it became clear that the parties have a live dispute over the scope of Gvest's inspection rights. Gvest's counsel stated that Gvest has requested, and Defendants have refused, access to many documents not included in the January 24 production. Defendants' counsel confirmed the dispute, responding that these additional documents fall outside the scope of Gvest's inspection rights. This unresolved dispute is not yet before the Court, and it would be premature to hold that Gvest has received *all* the information it is entitled to inspect without first determining *what* inspection rights it has. *See Roberts v. Madison Cty. Realtors Ass'n*, 344 N.C. 394, 398–99, 474 S.E.2d 783, 787 (1996) (holding claim becomes moot only "when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy").

19. Even for the categories of information that undisputedly fall within Gvest's inspection rights, the limited record before the Court precludes a finding of mootness. The only relevant exhibit to Defendants' motion is a letter from Defendants' counsel

to Plaintiff's counsel stating that a batch of unspecified documents would be posted to "a secured FTP site." (Defs.' Mem. Ex. 4.) This evidence shows that Defendants made some documents available to Gvest, but it is not sufficient, on its own, to demonstrate that Gvest has been provided with all of the requested documents. Defendants have not submitted, for example, a sworn certification or other evidence showing that they have produced or provided access to all requested documents. Nor have they pointed to any admission by Gvest to that effect. *See, e.g., Brady v. Van Vlaanderen*, 2015 NCBC LEXIS 59, at *6–7 (N.C. Super. Ct. June 3, 2015) (holding that plaintiff's inspection claim was moot and relying in part on plaintiff's interrogatory response that "there are no documents which have not been provided or allowed access to [sic] that the Plaintiff is aware").

20. The Court therefore concludes that Gvest's claims regarding its contractual and statutory inspection rights are not moot and denies Defendants' motion as to those claims. The Court need not address Gvest's alternative argument that its claims are not moot because it is entitled to damages.

## B. Declaratory-Judgment Claim

21. Defendants also moved to dismiss Gvest's declaratory-judgment claim under Rule 12(b)(6). The North Carolina Court of Appeals has held that "[a] motion to dismiss for failure to state a claim is seldom appropriate 'in actions for declaratory judgments, and will not be allowed simply because the plaintiff may not be able to prevail.'" *Morris v. Plyler Paper Stock Co.*, 89 N.C. App. 555, 557, 366 S.E.2d 556, 558 (1988) (quoting *N.C. Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434,

439, 206 S.E.2d 178, 182 (1974)). Rather, a motion to dismiss a declaratory-judgment claim is appropriate only "'when the complaint does not allege an actual, genuine existing controversy.'" *Legalzoom.com, Inc. v. N.C. State Bar*, 2012 NCBC LEXIS 49, at *9 (N.C. Super. Ct. Aug. 27, 2012) (quoting *N.C. Consumers Power*, 258 N.C. at 439, 206 S.E.2d at 182).

22. Gvest's complaint alleges an actual, existing controversy. Specifically, Gvest alleges that the parties have two irreconcilable views regarding the membership of Yards at NoDa. (Compl. ¶¶ 49, 50.) Gvest contends that it is presently the sole member of Yards at NoDa because JS Real Estate and TR Real Estate terminated their membership rights when they attempted to transfer their interest in Yards at NoDa in 2013. (Compl. ¶ 50.) JS Real Estate and TR Real Estate take the opposite view and contend that they retain their membership interests. (Compl. ¶ 49.) This dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240–41 (1937).

23. Defendants do not dispute that the parties have irreconcilable legal positions. Instead, they argue that Gvest is simply wrong. According to Defendants, when JS Real Estate and TR Real Estate attempted to transfer their ownership interests, they failed to comply with the terms of the Operating Agreement. (Defs.' Mem. 5–8.) Defendants further contend that the attempted transfers are therefore void, meaning that JS Real Estate and TR Real Estate are and always have been members of Yards at NoDa. Defendants argue that the Court is free to make this

determination under Rule 12(b)(6) because the relevant documents—the Operating Agreement and the purported 2013 transfers—are attached to or referred to in the complaint. (*See* Defs.' Mem. 4, Exs. 1, 2; Defs.' Reply in Supp. of Mot. to Dismiss 5.)

24. These arguments confuse the applicable standard of review. Defendants' arguments focus on whether Gvest is entitled to the relief it requests—arguments more appropriately made in the context of a motion for judgment on the pleadings under Rule 12(c) or a motion for summary judgment under Rule 56. Under Rule 12(b)(6), the issue for determination is only whether there is a concrete, present controversy for the Court to decide—not "whether the plaintiff in a declaratory judgment action is ultimately entitled to the declaration it seeks." *Legalzoom.com*, 2012 NCBC LEXIS 49, at *8–9, 13–14 (holding that complaint demonstrated a present controversy regarding the State Bar's authority to act before making a final determination about whether a party has engaged in the unauthorized practice of law).

25. Even if it would be proper to resolve the merits of a declaratory-judgment action under Rule 12(b)(6) in some circumstances, the Court declines to do so here. The attempt by JS Real Estate and TR Real Estate to transfer their interests, whether successful or not, has created a cloud over the ownership of Yards at NoDa. And although Defendants contend that they have supplied the purported transfer documents as exhibits to their motion, Gvest alleges that it "has never been provided formal notice or documentation of" the transfers. (Compl. ¶ 25.) Simply put, there is a bona fide controversy. "The parties are entitled to a declaration of their rights and

liabilities and the action should be disposed of only by a judgment declaring them."

*Nationwide Mut. Ins. Co. v. Roberts*, 261 N.C. 285, 288, 134 S.E.2d 654, 657 (1964).

26.     Accordingly, the Court denies Defendants' motion to dismiss as to the claim for declaratory judgment.

### III.
### CONCLUSION

27.     For all these reasons, the Court **DENIES** Defendants' motion to dismiss.


This the 6th day of April, 2017.


/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
for Complex Business Cases