SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS/ST. JOHN

| | | |
|---|---|---|
| RODNEY STANLEY, | ) | CASE NO. ST-16-MC-075 |
| | ) | |
| Petitioner, | ) | COMPLEX LITIGATION DIVISION |
| v. | ) | |
| | ) | ACTION FOR INJUNCTIVE RELIEF |
| VIRGIN ISLANDS BUREAU OF | ) | (PETITION FOR WRIT OF MANDAMUS) |
| CORRECTIONS; DIRECTOR WYNNIE | ) | |
| TESTAMARK, et al.,[1] | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Cite as: 2020 VI Super 47

Appearances:

JOSEPH A. DIRUZZO, III, ESQ.
Law Office of Joseph A. DiRuzzo, III, PA.
Ft. Lauderdale, FL 33301
*For Petitioner*

IAN S.A. CLEMENT, ESQ.
Assistant Attorney General
Virgin Islands Department of Justice
St. Thomas, VI 00802
*For Respondents*

## MEMORANDUM OPINION

MOLLOY, *Judge*

¶1    **BEFORE THE COURT** are a motion to amend the complaint filed by Petitioner Rodney Stanley ("Stanley"), and a motion to dismiss filed by Respondents Virgin Islands Bureau of Corrections and Wynnie Testamark (collectively "BOC"). After a careful review of the case and the arguments, the Court will grant Stanley's motion to amend and deny BOC's motion to dismiss.

## I.    FACTUAL BACKGROUND

---

[1] The initiating document, filed *pro se* by Rodney Stanley, was captioned as a motion/action and named "Director MullGrav" as a respondent. Persons within the "et al." were not identified. The caption of this Opinion mirrors the initiating document, except that Wynnie Testamark is substituted for Rick Mullgrav as Director of the Virgin Islands Bureau of Corrections. *See* V.I. R. Civ. P. 25(d) ("An action does not abate when a public officer . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

¶2    In March 2012, Stanley pled guilty to voluntary manslaughter, in violation of section 922(a)(1), title 14 of the Virgin Islands Code, and carrying or using a dangerous weapon during the commission of a crime of violence, in violation of section 2251(a)(2)(B), title 14 of the Virgin Islands Code. The Superior Court (Hollar, J.) sentenced him in April 2012, to serve ten years, with two years suspended, for manslaughter, and fifteen years, three suspended, on the weapons charge. Stanley was given ninety-nine days credit for time served but is not expected to be released until 2028 because the sentences run consecutively.

¶3    After Stanley was sentenced, the Virgin Islands Legislature, on July 30, 2015, overrode the Governor's veto of a bill to amend the Virgin Islands good conduct statutes and allow for a reduction of an inmate's sentence if he completes academic or vocational training.[2] *See generally* Act No. 7741, 2015 V.I. Sess. L. 30, 30-32 (July 30, 2015), *codified at* 5 V.I.C. § 4571(b). Stanley took several vocational courses before and after the law changed but did not receive credit for all the courses. So, on September 27, 2016, Stanley filed a document on his own behalf with the Superior Court of the Virgin Islands titled "Motion for Injunction: Action for Reduce Credit Time." (Pet. 1 (all caps omitted).) He asks the Court to compel BOC to recalculate his good time credit, and for habeas relief.

¶4    On December 2, 2016, the Superior Court (Francois, J.) allowed Stanley to proceed *in forma pauperis* and directed the Office of the Virgin Islands Marshal to serve BOC with his motion/action, which the Court construed as a petition. When nearly a year passed and BOC had not responded, the Court, on December 21, 2017, ordered BOC to file a response to the petition and address other issues the Court identified in its Order, all in an attempt to streamline the proceedings. After an extension of time, BOC filed its response on February 15, 2018, claiming, *inter alia*, that this matter must be dismissed because Stanley failed to comply with BOC's internal procedure to request a sentence reduction.

¶5    Because BOC's response denied that Stanley's petition had merit, the Court granted him leave to file a reply. But, because Stanley was representing himself, he did not respond to BOC's claims. Instead, he resubmitted the same certificates that he had attached to his petition to show what courses he took. Because of the impasse, the Court appointed Joseph A. DiRuzzo, III, Esq. as Stanley's

---

[2] Good time can reduce the maximum term of a prison inmate's incarceration, and thus an "inmate has a fundamental right not to be deprived of good time as punishment for conduct that had not been prohibited." *Wallace v. Nash*, 311 F.3d 140, 143 (2d Cir. 2002)(quoting *Wolff v. McDonnell*, 418 U.S. 539, 561 (1974)).

counsel, directed the Clerk's Office to forward him a copy of the file, and then scheduled a hearing for June 5, 2018. In the interim, Stanley, now through counsel, filed a motion on May 30, 2018, for leave to amend the complaint in part to "properly raise claims for relief and to conform with the Virgin Islands Rules of Civil Procedure." (Pet'r's Mot. for Leave to Amend, 1, filed May 30, 2018.) Stanley attached a proposed amended complaint to his motion. But his proposal now included class allegations. In tandem with his motion to amend, Stanley filed a motion to certify a class.

¶6     At the June 5, 2018 status conference, the Court asked whether BOC has "written procedures to address what the inmates can receive for taking approved courses or classes from an accredited organization." (Hr'g Tr. 4:17-20 (June 5, 2018).) BOC admitted that it had no written procedures, only an "unwritten practice." *Id.* at 5:2. BOC also advised the Court that it had granted Stanley a three-week reduction of his sentence on June 4, 2018, which Stanley confirmed. BOC then asserted that this case was moot. Stanley objected, citing both his pending class allegations, and the fact that not all of his courses were approved for credit.

¶7     Afterwards, the Court, by Order dated June 12, 2018, entered June 13, 2018, set a briefing deadline for BOC to respond to Stanley's motions. Rather than file a response, BOC instead, on June 19, 2018, filed a motion to dismiss, asserting that "there is no further relief that this Court can provide" because Stanley's request was acted on, and the matter is now moot. (Resp't's Mot. to Dismiss and Resp. to Ct.'s June 12, 2018 Order, at 2, filed June 19, 2018 (hereinafter "Dismissal Mot.").[3]) Attached to its motion was a June 4, 2018 sentence data record for Stanley showing that his revised release date is now January 6, 2028. His sentence was reduced by three weeks and the reason given was title 5, section 4572 of the Virgin Islands Code. After an extension of time, Stanley filed his opposition on July 18, 2018. BOC did not file a reply to Stanley's opposition, nor a response to Stanley's motion to amend or for class certification. On August 10, 2018, the Presiding Judge of the Superior Court designated this case as complex and transferred it to the Complex Litigation Division based on the class allegations. *See* V.I. R. Civ. P. 92(b)(5) (class actions presumed complex).

## II.     DISCUSSION

### A.     Motion to Dismiss

---

[3] BOC inadvertently omitted the June 4, 2018 sentence data record but provided it the next day via informational motion.

¶8      BOC's pre-answer motion seeks to dismiss this case as moot.[4] In most jurisdictions, mootness is jurisdictional. *See, e.g., Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964) ("Our lack of jurisdiction to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy."); *see also, e.g., Commonwealth v. Hughes*, 873 S.W.2d 828, 829 (Ky. 1994) ("This Court has repeatedly reaffirmed the proposition that it has no jurisdiction to decide issues which do not derive from an actual case or controversy."). Mootness is considered jurisdictional because constitutions restrict courts to hearing cases and controversies. *Cf. Greater Missoula Area Fed'n of Early Childhood Educators v. Child Start, Inc.*, 219 P.3d 881, 889-90 (Mont. 2009) ("And because the *constitutional requirement* of a 'case or controversy' contemplates real controversies and not abstract differences of opinion or moot questions, courts lack jurisdiction to decide moot issues insofar as an actual 'case or controversy' no longer exists." (emphasis added) (citations omitted)). But not all courts are limited by the "case or controversy" requirement.

¶9      In those states without a "case or controversy" clause in their constitutions, mootness does not deprive the courts of jurisdiction. *See, e.g., Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs.*, 712 P.2d 914, 919 (Ariz. 1985) ("We have previously determined that the question of standing in Arizona is not a constitutional mandate since we have no counterpart to the 'case or controversy' requirement of the federal constitution. In addressing the question of standing, therefore, we are confronted only with questions of prudential or judicial restraint. We impose that restraint to insure that our courts do not issue mere advisory opinions, that the case is not moot and that the issues will be fully developed by true adversaries." (citation omitted)); *accord State v. Hilton*, 286 P.3d 871, 874 (Kan. 2012) ("Generally, Kansas appellate courts do not decide moot questions or render advisory opinions. That doctrine, however, is not a question of jurisdiction." (citation omitted)). And while in the federal system, the "case or controversy" clause of Article III of the Constitution of the United States deprives federal courts of jurisdiction, "the 'case and controversy' clause applies only to federal *constitutional* courts as distinguished from *legislative*

---

[4] Although petitions are denied and complaints dismissed, *cf. St. Croix Avis v. W. Ind. Co., Ltd.*, 2019 VI Super 81, ¶¶ 20-21, given Stanley's *pro se* status when this case was filed, and the pending motion to file an amended *complaint*, not an amended *petition*, which, once granted, drops the request for habeas relief, the Court will construe BOC's motion as akin to a motion to dismiss a complaint, rather than to deny a petition.

courts." Sidney A. Diamond, *Federal Jurisdiction to Decide Moot Cases*, 94 U. of Pa. L. Rev. 125, 125 n.3 (1946). Territorial courts, considered legislative courts, exist by authority of Congress. *Cf. Kuretski v. Comm'r of IRS*, 755 F.3d 929, 942 (D.C. Cir. 2014) ("A tribunal constitutes a 'legislative court' if its power 'is not conferred by the third article of the Constitution, but by Congress in the execution of other provisions of that instrument.'" (quoting *Williams v. United States*, 289 U.S. 553, 565-66 (1933)). Thus, territorial courts are not limited by Article III's case or controversy clause. *Cf. Benjamin v. AIG Ins. Co. of P.R.*, 56 V.I. 558, 564 (2012) ("Virgin Islands courts are not Article III courts and thus not subject to the same constitutional constraints on jurisdiction.").

¶10    Many legislative and territorial courts do follow Article III's restriction, however. *See, e.g., Rapadas v. Benito*, 2011 Guam 28, ¶ 16 ("'[M]ootness can arise at any stage of litigation.' Therefore, at any point, our courts may lose jurisdiction since 'courts may not give opinions upon moot questions or abstract propositions.'" (citations and brackets omitted)); *Castro v. Castro*, 8 N. Mar. I. 218, 221 (2009) ("'[C]ourts lack jurisdiction to decide moot cases." (quoting *Govendo v. Micronesian Garment Manufacturing, Inc.*, 2 N. Mar. I. 270, 281 (1991)); *see also Grayson v. AT&T Corp.*, 15 A.3d 219, 233-34 (D.C. 2011) ("Even though we are an Article I court, we have followed Supreme Court developments in constitutional standing jurisprudence with respect to 'whether the plaintiff has made out a case or controversy between him/her and the defendant within the meaning of Article III,' and we generally have applied prudential limitations on the exercise of our jurisdiction." (brackets and footnoted citation omitted)). But not the Virgin Islands. *See Benjamin*, 56 V.I. at 564. In the Virgin Islands, "mootness . . . is a non-jurisdictional claims-processing rule that has been incorporated . . . only as a matter of judicial policy." *Mapp v. Fawkes*, 61 V.I. 521, 530 (2014). Thus, "mootness . . . is subject to waiver should the party asserting the issue fail to raise it in a timely manner." *Benjamin*, 56 V.I. at 565.

¶11    The concern here is that BOC did raise mootness in a timely manner, namely in its initial response to Stanley's petition: a motion to dismiss. No court in the Virgin Islands has addressed yet when a case should be dismissed when mootness is timely raised as a claims-processing rule. In those jurisdictions where mootness is jurisdictional, parties can raise mootness at any time, including by a motion to dismiss. *See, e.g., White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under

Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)."); *accord Yeager v. Yeager*, 228 N.C. App. 562, 565, 746 S.E.2d 427, 430 (2013) ("Because a moot claim is not justiciable, and a trial court does not have subject matter jurisdiction over a non-justiciable claim, mootness is properly raised through a motion under N.C. Gen. Stat. § 1A-1, Rule 12(b)(1)."). But since mootness is not jurisdictional in the Virgin Islands, the only rules that could govern a motion to dismiss on mootness grounds are Rule 12(b)(6), failure to state a claim for relief, Rule 12(c), judgment on the pleadings, or Rule 56, summary judgment. Since BOC has not filed an answer yet, its motion to dismiss this case as moot must be based on Rule 12(b)(6).

¶12 Ordinarily, when ruling on a pre-answer motion to dismiss, the Court must accept the plaintiff's allegations as true. *See Arno v. Hess Corp.*, 2019 VI Super 140, ¶ 37 ("In ruling on a motion to dismiss for failure to state a claim for relief, courts "'assume all reasonable factual allegations in the complaint as true and draw all fair inferences from such allegations.'" (citation omitted)). But in this instance, BOC moved to dismiss this case as moot because Stanley received a reduction of his sentence after Stanley commenced this action. In support, BOC attached the June 4, 2018 revised sentence date sheet. That information is outside the pleadings. *Cf.* V.I. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . .").

¶13 Stanley acknowledges that BOC "converted [its] Rule 12 motion (by making reference to an exhibit not made part of the Petitioner's pleading) to a Rule 56 motion." (Pet'r's Resp. in Opp'n to Resp'ts' Mot. to Dismiss 2, filed Sept. 6, 2018.) But neither Stanley nor BOC addressed what standard applies when matters outside the pleadings are attached to a motion to dismiss a case *as moot* in a jurisdiction in which mootness is not jurisdictional. In those jurisdictions where mootness does affect a court's subject-matter jurisdiction, "presenting 'matters outside the pleadings' matters only for 'a motion under Rule 12(b)(6) or 12(c).'" *Cornwall v. V.I. Indus. Maint. Corp.*, 2019 VI Super 117, ¶ 25 (quoting V.I. R. Civ. P. 12(d)). "[F]or any other motion, attaching matters outside the pleadings does not convert the motion to one for summary judgment." *Id.* ("'The majority of the Courts of Appeals that have considered this issue conclude that district courts may consider material outside the pleadings in ruling on 12(b)(2) motions to dismiss.'" (citation omitted)). Accordingly, since a

pre-answer motion to dismiss a case as moot can only proceed under Rule 12(b)(6) when mootness is not jurisdictional, and since a Rule 12(b)(6) motion must be converted to a Rule 56 motion if extra-pleading materials are attached and not excluded, it follows that the Court must convert BOC's motion into a motion for summary judgment in order to address it because the entire basis of the motion—the reduction of Stanley's sentence—is outside the pleadings. *Accord Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("[A] court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case.").

¶14   "The basic purpose of a motion to dismiss is to test the legal sufficiency of the complaint to state an actionable claim, not to test the truth of the fact alleged in the complaint." *Arno*, 2019 VI Super 140 at ¶ 37 (citation omitted). Here, BOC is not challenging whether Stanley states a claim for relief. Instead, what BOC contends is that the Court cannot grant Stanley any relief, even if he is entitled to it, because he already received the relief he seeks. Clearly, BOC has not moved to dismiss because Stanley failed to state a claim for relief. Instead, BOC seeks judgment on the merits. Although courts have the discretion to exclude extra-pleading materials attached to a motion to dismiss for failure to state a claim for relief, *cf. Howell v. U.S.V.I. Police Dep't*, 67 V.I. 149, 158 n.4 (Super. Ct. 2016), in this instance, the Court must convert BOC's motion to dismiss into a motion for summary judgment to be able to address it. The concern, however, is that the Court, technically, has not notified the parties so they can "present all the material that is pertinent . . . ." V.I. R. Civ. P. 12(d).

¶15   Before converting a motion to dismiss into a motion for summary judgment, courts must give the parties notice. *See id.; see also United Corp. v. Hamed*, 64 V.I. 297, 307 (2016). The Supreme Court of the Virgin Islands has not yet addressed what notice is sufficient under Rule 12(d) of the Virgin Islands Rules of Civil Procedure. "Federal courts addressing the issue have found that failure to give adequate notice to the parties before conversion constitutes reversible error." *Appriva S'holder Litig. Co. v. ev3, Inc.*, 937 A.2d 1275, 1286 (Del. 2007); *accord Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989) ("We have held that it is reversible error for a district court to convert a motion under Rule 12(b)(6) or Rule 12(c) into a motion for summary judgment unless the court provides notice of its intention to convert the motion and allows an opportunity to submit materials admissible in a summary judgment proceeding or allows a hearing." (collecting cases)). But federal courts have

also found that notice is satisfied when the motion to dismiss for failure to state a claim requests summary judgment in the alternative, when the movant attaches matters outside the pleadings to the motion, or when the opponent alerts the court that matters outside the pleadings were presented. *Cf. In re: Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 288 (3d Cir. 1999) ("We note that some courts of appeals have decided a party who submits material outside the pleadings is on constructive notice of conversion." (collecting cases)); *see also Carver v. Plyer*, 115 F. App'x 532, 536 (3d Cir. 2004) ("[M]otions for summary judgment that are presented to the court as motions in the alternative constitute sufficient notice to a non-moving party that the court may convert a motion to dismiss into a motion for summary judgment." (citations omitted)); *McLaughlin v. Forty Fort Borough*, 64 F. Supp. 3d 631, 638 (M.D. Pa. 2014) ("Because Forty Fort Defendants framed their Motion as a Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. 34), Plaintiffs had sufficient notice of the possibility of conversion."); *see also id.* at 638 n.2 (finding also notice met because plaintiffs in their opposition brief "discuss[] the possibility of conversion."). *But cf. Jones v. Auto. Ins. Co.*, 917 F.2d 1528, 1532 (11th Cir. 1990) ("This circuit has consistently enforced the strict notice requirements of Rules 12(b) and 56, creating a bright-line rule: If a district court fails to comply with the ten-day notice requirement, the case will be reversed and remanded so that the district court may provide the non-moving party with adequate notice.").

¶16    Regardless of how the Virgin Islands rule should be construed, the Court finds that, in this instance, Stanley had sufficient notice that the Court would have to convert BOC's motion. First, BOC had advised the Court at the June 5, 2018 status conference that Stanley's sentence was reduced on June 4, 2018. BOC then claimed this case was moot. Stanley was on notice as of June 5, 2018, that BOC was taking the position that this case is moot. It should have come as no surprise that BOC would file a motion to dismiss based on the June 4, 2018 sentence data record is outside the pleadings. Second, once BOC did file its motion, Stanley correctly noted in opposition that the June 4, 2018 sentence data record was outside the pleadings and would convert BOC's motion to dismiss into a motion for summary judgment. (*See* Opp'n 2 ("[A]s Rule 12 motions must be limited to the four corners of the Petitioner's pleading, at best the Respondent has converted his Rule 12 motion (by making reference to an exhibit not made part of the Petitioner's pleading) to a Rule 56 motion. And because there is a material issue of fact . . . this Court cannot provide the Respondent with any

relief under Rule 56.").) Third, Stanley requested and was given "additional time to be able to counter the factual representations of the Respondents." (Pl.'s Mot. for Extension of Time 1, field July 10, 2018.) He did not submit any contrary materials. But he had ample notice. Under these circumstances, even though express notice was not given, the Court finds that the Rule 12(d) notice requirement was satisfied. *Cf. Davis v. Phelan Hallinan & Diamond PC*, 687 F. App'x 140, 143 (3d Cir. 2017) ("Because Davis demonstrated that he knew materials beyond the pleadings were before the Court ... it is clear that he had the requisite notice of the conversion. Moreover, Davis did not present any objection to conversion or request discovery. It was thus appropriate under the circumstances for the District Court to treat the motion to dismiss as a motion for summary judgment." (citing *Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir. 1996)).

¶17    Before turning to BOC's motion, the Court must still address how mootness operates in the Virgin Islands once it has been timely raised. Again, in other jurisdictions, mootness is jurisdictional. In the Virgin Islands, however, mootness is a claims-processing rule subject to waiver. *See Mapp*, 61 V.I. at 530. Here BOC timely raised mootness by attaching the June 4, 2018 sentence data record to its initial response to Stanley's pleading. In a different case, this Court concluded that mootness was "akin to an affirmative defense . . . ." *St. Croix Avis v. W. Ind. Co., Ltd.*, 2019 VI Super 81, ¶ 15. The Court reasoned that "[m]ootness is akin to, not identical to, an affirmative defense" because "it is not proven. Instead, mootness results from changes that occur during litigation, 'a change in the circumstances that prevailed at the beginning of litigation.'" *Id* at ¶ 16 (quoting *V.I. Taxi Ass'n v. V.I. Port Auth.*, 67 V.I. 643, 663 (2017)). In other words, mootness, as a claims-processing rule, does not have to be proven in the same way that laches, estoppel, or other affirmative defenses must be proven. These affirmative defenses precede the filing of the complaint. Laches, for example, involves undue delay before a claim is filed in court. They are extra-judicial in the sense that they occur before a case is commenced. But even though mootness may occur after a case is filed, the party asserting it must still submit competent evidence to prove the litigation is now moot. *Cf. Channel v. Wilkie*, No. 2:18-cv-02414 MCE AC (PS), 2019 U.S. Dist. LEXIS 192258, *12-13 (E.D. Cal. Nov. 4, 2019) ("Exhaustion of administrative remedies is generally . . . considered a non-jurisdictional claims processing requirement, and thus an affirmative defense rather than an element plaintiff must plead and prove. Administrative exhaustion is therefore most often determined on summary judgment . .

. which permits the court to go beyond the pleadings and examine the EEOC charge and related record." (citations omitted)); *accord Workman v. Verde Wellness Ctr., Inc.*, 382 P.3d 812, 816-17 (Ariz. Ct. App. 2016) (holding that, because matters outside the complaint, namely actions taken after the complaint was filed, were relied on, a motion to dismiss should be converted to a motion for summary judgment).

¶18    Kansas is one of the few jurisdictions in which mootness is not jurisdictional. *See State v. Hilton*, 286 P.3d 871, 874 (Kan. 2012) ("[T]he mootness doctrine [i]s a court policy, which recognizes that the role of a court is to 'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" (quoting *State v. Bennett*, 200 P.3d 455, 458 (Kan. 2009)). And the Supreme Court of Kansas adopted a "test for mootness as being whether 'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights.'" *State v. Montgomery*, 286 P.3d 866, 869 (Kan. 2012) (quoting *McAlister v. City of Fairway*, 212 P.3d 184 (Kan. 2009). This Court agrees with this approach.

¶19    In the Virgin Islands the affirmative of the issue must be proven. *See* 5 V.I.C. § 740(5). And proof is by a preponderance of the evidence. *See id.* If the movant affirmatively shows by a preponderance of the evidence that, due to "a change in the circumstances that prevailed at the beginning of litigation," *V.I. Taxi Ass'n*, 67 V.I. at 663, entering judgment would not impact any party's rights and would be ineffectual, then the case should be dismissed as moot. *Cf. Der Weer v. Hess Oil V.I. Corp.*, 60 V.I. 91, 100 (Super. Ct. 2014) ("'As a general rule, if a defendant tenders to the named plaintiff the relief requested, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending.'" (citation omitted)). This approach strikes a balance between "judicial policy" on the one hand, *Mapp*, 61 V.I. at 530, and "the function of a judicial tribunal to determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive." *Bd. of Cty Comm'rs v. Duffy*, 912 P.2d 716, 719 (Kan. 1996); *accord Workman v. Verde Wellness Ctr., Inc.*, 382 P.3d 812,

818 (Ariz. Ct. App. 2016) ("As a matter of *judicial restraint,* Arizona courts will not 'issue advisory opinions, address moot cases, or deal with issues that have not been fully developed by true adversaries.'" (emphasis added) (quoting *Home Builders Ass'n of Cent. Ariz. v. Kard,* 199 P.3d 629, 632 (Ariz. Ct. App. 2008))).

¶20    To prevail on its motion, BOC "bears the initial burden of showing that there is no genuine issue of material fact." *Anderson v. Am. Fed'n of Teachers,* 67 V.I. 777, 788 (2017). Summary judgment is a drastic remedy that must only be granted when the record clearly shows no genuine issue of material fact. *See Alexander v. Alexander,* 65 V.I. 372, 378 (2016) ("'Summary judgment is a drastic remedy and should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact.'" (brackets and citation omitted)). BOC contends this case is moot because "Stanley requested credit for programs/classes completed in accordance with 5 V.I.C. § 4571 . . . [and] was granted three weeks reduced time." (Dismissal Mot. 1.) The documentation BOC submitted, the June 4, 2018 sentence data record, shows that BOC did reduce Stanley's sentence by three weeks. And his projected release date changed from January 27, 2028 to January 6, 2028. Further, BOC states that "Stanley was denied credit for certificates received prior to 2015 and any programs that were duplicative. Additionally, Stanley was denied credit for the food handler's training." *Id.* Since "there is no further relief that this Court can provide," BOC contends "this matter . . . [is] moot." *Id.* at 2-3.

¶21    To successfully counter BOC's motion, Stanley had to introduce some evidence that shows a genuine issue of material fact remains in dispute. *See Anderson,* 67 V.I. at 788-89 ("To carry this burden, 'the nonmoving party may not rest on its allegations alone, but must present actual evidence, amounting to more than a scintilla,' in support of its position." (citation omitted)). Stanley did not submit any evidence, however. But he does counter that he still has a personal stake in this action that is capable of redress. First, he "contests that his food handler training is not entitled to credit; thus, this case is not moot." (Pet'r's Resp. in Opp'n to Mot. to Dismiss 1, filed Sept. 6, 2018.) Second, he challenges the way in which his sentence was reduced. Section 4572 of title 5 of the Virgin Islands Code provides that "'[a] prisoner shall be released at the expiration of his term of sentence less the time deducted for good conduct. A certificate of such deduction shall be entered on the commitment by the officer in charge of the prison or jail.'" *Id.* (quoting 5 V.I.C. § 4572). Stanley

contends that the "commitment" is the judgment and the judgment must "reflect the deduction of time." *Id.* at 2. And third, Stanley contends that this case is not moot because he moved to amend to assert class allegations. The Supreme Court of the United States has disapproved, Stanley argues, of a defendant's attempts to "'pick off' a lead plaintiff in a class action in an attempt to moot it out." *Id.* (citing *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 672 (2016)). The United States Court of Appeals for the Third Circuit also recognizes "'special mootness rules,'" Stanley argues, "'for determining at what point in time a named plaintiff must still have a personal stake in the litigation to continue seeking to represent a putative class action.'" *Id.* at 3 (quoting *Richardson v. Dir. Fed. Bureau of Prisons*, 829 F.3d 273, 278-79 (3d Cir. 2016)).

¶22    Although BOC submitted materials that converted its motion to dismiss into a motion for summary judgment, the Court cannot find that BOC carried its burden of proof. The June 4, 2018 sentence data record does not specify which courses BOC gave Stanley credit for. Stanley attached copies of twelve certificates and a high school diploma to his *pro se* pleading. Altogether, ten certificates show that he completed 100 hours in courses such as money management, victim awareness and restitution, anger management, personal development, and employment skills, among others. Two certificates—a reentry pre-release program and food handler's training—do not list the number of hours for each course. Section 7542 allows a three-week sentence reduction for drug and rehabilitation courses, *see* 5 V.I.C. § 7542(b)(1)(D), which Stanley did not take. So, that does not account for the three-week reduction BOC gave him.

¶23    Section 7542 also allows for a maximum sentence reduction of eight months "[f]or a technical or vocational certificate from a recognized institution approved by the confining institution" but only "at the discretion of the institution and approval of the parole board." *Id.* § 7542(b)(1)(E). Clearly, the courses Stanley took were vocational and technical courses. BOC did not provide proof that the Virgin Islands Parole Board approved the three-week reduction Stanley received nor address which institutions are recognized and whether the confining institution (in this instance, the Citrus County Detention Facility in Florida where Stanley is confined currently) or BOC itself is the "confining institution" who approves course providers.

¶24    Finally, BOC concedes that it denied credit for duplicate courses and courses Stanley took before 2015. But none of the certificates Stanley attached to his *pro se* pleading were for courses

taken more than once and all of the courses, except a high school diploma program, were taken in 2016. Stanley did attach additional certificates to his proposed amended complaint: for a time management course taken in 2014 and a second anger management course taken in 2017. But proposed amendments to pleadings are not properly before the court until the amendments are allowed. Additionally, BOC cited no authority for its decision to disallow credit for courses taken before 2015. Presumably, BOC disallowed the coursework because Act 7741 was enacted in 2015. But whether Act 7741 should be given retroactive effect is unsettled. *Cf. Drayton v. Drayton*, 65 V.I. 325, 334 (2016) ("[T]he presumption that statutes are to be applied prospectively can be overcome where 'the statute is remedial or procedural in nature.'" (citation omitted)). For these reasons, the Court cannot find that BOC carried its burden to prove that the controversy has ended, that entering judgment would be ineffectual and would not impact any party's rights. Because BOC did not carry its burden, the Court does not have to address Stanley's alternate argument regarding the pending class allegations.[5]

### B. Motion to Amend

¶25    Stanley moves to amend the initial pleading he filed *pro se* because counsel was appointed to represent him. "[U]nlike *pro se* filings," filings by counsel "must comply with all applicable rules."

---

[5] Because BOC failed to show that no material facts remain in dispute, addressing Stanley's alternative argument that a defendant should not be allowed to tender the requested relief and moot a putative class action is unnecessary. There is authority for that position. *Cf. Der Weer*, 60 V.I. at 100 ("'As a general rule, if a defendant tenders to the named plaintiff the relief requested, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending. This rule does not apply, however, when a motion for class certification is pending at the time tender is made, because to hold otherwise would allow a party to avoid ever defending a class action suit by simply tendering payment to the named plaintiffs.'" (citation omitted)); *see also Workman v. Verde Wellness Ctr., Inc.*, 382 P.3d 812, 818-19 (Ariz. Ct. App. 2016) ("'In general, a party cannot by its own voluntary conduct moot a case and deprive a court of jurisdiction.' Otherwise, 'the courts would be compelled to leave the defendant free to return to his old ways.'" (brackets, citations, and ellipsis omitted)). But Stanley also assumes, incorrectly, that precedent from the United States Court of Appeals for the Third Circuit is binding on the Superior Court of the Virgin Islands. (*See* Opp'n 4 ("Finally, 'so long as a plaintiff files a motion to certify a class when he still has a live claim, the mooting of that claim while the motion is pending precludes the court from reaching the merits but does not preclude it from deciding the certification motion.' In this case the Petitioners [sic] motion for class certification was filed well before the Respondents' motion to dismiss, this Court *must* decide the certification motion before it entertains the pending motion to dismiss." (emphasis added) (quoting *Gayle v. Warden Monmouth Cty Corr. Inst.*, 838 F.3d 297, 305 (3d Cir. 2016)). *Gayle* is not binding on this Court. *See Ernest v. Morris*, 67 V.I. 627, 637 (2016). Again, Stanley does raise valid concerns insofar as his motion to amend and his motion for class certification were filed on May 30, 2018, and five days later, on June 4, 2018, BOC reduced Stanley's sentence by three weeks. It does appear as if BOC sought to moot this case. Stanley's certification motion was filed before the BOC reduced his sentence, but his proposed class allegations also had not been accepted yet. Addressing whether a party can manufacture a claims-processing rule (mootness here) and then timely invoke it to defeat a putative class action would be *dicta*.

(Pet'r's Mot. for Leave to Amend 1, filed May 30, 2018 (footnote omitted) (hereinafter "Amend Mot.").) Thus, "to properly raise claims for relief and to conform with the Virgin Islands Rules of Civil Procedure," Stanley (through counsel) "determined that an amended complaint needs to be filed." *Id.*

¶26    Because more than twenty-one days passed since BOC was served, Stanley needs written consent from the opposing party or leave of court to amend his pleading. *See* V.I. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave."). BOC did not give written consent, so the Court must grant leave if "justice so requires." *Id.* "Amendments are within the sound discretion of the Superior Court and, as a result, the Superior Court may deny a request to amend so long as it articulates a sound justification." *Basic Servs., Inc. v. Gov't of the V.I.*, 2019 VI 21, ¶26.

> "Appropriate justifications for deviating from the norm of freely granting leave to amend include, but are not limited to, undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."

*Id.* (brackets omitted) (quoting *Reynolds v. Rohn*, 70 V.I. 887, 899 (2017)).

¶27    In this case, Stanley seeks leave to amend before discovery has begun and, thus, before a trial date has been set. He also requests leave to streamline his complaint. The proposed amended complaint would drop the claim for habeas relief and state a claim for declaratory relief (Count I) and injunctive relief (Count III), and mandamus relief (Count II). The proposed amendment does not allege new facts. Granting Stanley leave to amend his pleading to properly enumerate his claims and conform his pleading to the rules of procedure is proper. *See* V.I. R. Civ. P. 8(a)(2) (claims must be enumerated in separate counts). But Stanley did not provide any explanation for why his proposed amendment changes the nature of this litigation from an individual action to a class action. This change was not explained in Stanley's motion.

¶28    BOC did not file a response, however, and instead, offered a perfunctory opposition within its motion to dismiss. (*See* Dismissal Mot. 2 ("The Petitioner's motion to amend also should be denied because this matter is moot.").) But just as "motions should be filed separately and not be embedded within other motion papers," *Der Weer v. Hess Oil V.I. Corp.*, 64 V.I. 107, 129 (Super. Ct. 2016), responses to a motion should not be embedded within another motion. BOC had a duty to

file a response to Stanley's motion within the time allowed to inform the Court whether it opposed the motion and if it did, to support its opposition with argument and citations to authority. BOC did not respond. "Transforming an individual action into a class action does not, in and of itself, create the type of prejudice sufficient to deny a motion to amend." *Bertrand v. Sava*, 535 F. Supp. 1020, 1023 (S.D.N.Y. 1982) (citing *Bernstein v. Nat'l Liberty Int'l Corp.*, 407 F. Supp. 709, 714 (E.D. Pa. 1976)). "Opposition to such a motion must focus instead on any prejudice that would accrue if it were granted." *Id.* But here, BOC presented no opposition. Thus, the Court finds that BOC waived its right to oppose Stanley's motion.

¶29    The Court cannot grant Stanley's motion just because it is unopposed, however. Courts do not grant leave to amend pleadings if the amendment is futile. "If Plaintiff's proposed class cannot be certified, leave to amend should be denied." *Presser v. Key Food Stores Coop., Inc.*, 218 F.R.D. 53, 56 (E.D.N.Y. 2003). But here, the Court cannot find that Stanley's proposed class amendments would be futile. He seeks to certify "a class of persons who have been and, in the absence of relief, will continue to be denied statutory rights . . . ." (Proposed First Am. Compl. ¶ 10, attached to Amend Mot.). Counsel for BOC represented at the June 5, 2018 status conference that BOC has no written procedure for determining which courses are eligible for good conduct credit, only an "unwritten practice." (Hr'g Tr. 5:2.) Assuming that Stanley can show that "hundreds of sentenced prisoners," (Proposed First Am. Compl. ¶ 11), with similar experiences—courses approved and disapproved without explanation—the Court cannot find that allowing the class allegations would be futile.

### III.    CONCLUSION

¶30    For the reasons stated above, the Court will deny BOC's motion to dismiss and grant Stanley's motion to amend. An Order consistent with this opinion follows.

**Date:** April 1, 2020

ROBERT A. MOLLOY
Judge of the Superior Court

**ATTEST:**
TAMARA CHARLES
Clerk of the Court
By: _____
Court Clerk
Dated: _____4/1/2020_____